UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

THE OPEN WINDOW PROJECT, LLC, et al.,

    Defendants.

No. 2:16-cv-01619-KJM-EFB

ORDER

After the court closed this case, plaintiff filed a motion to enforce the parties' settlement agreement. Because the court lacks jurisdiction to hear plaintiff's motion, the motion is DENIED.

I.    BACKGROUND

Plaintiff Scott Johnson, a level C-5 quadriplegic, sued defendant The Open Window Project, LLC, alleging Open Window violated the Americans with Disabilities Act and the California Unruh Civil Rights Act. *See* Compl., ECF No. 1. Specifically, Johnson alleged Open Window's property, 510 E. Miner Avenue, Stockton, California, had no parking spaces that were marked and reserved for persons with disabilities, forcing Johnson to either park in a non-disabled spot or leave. *Id.* at 3-4. Johnson sought injunctive relief, damages, attorney fees, litigation expenses and costs. *Id.* at 8.

After Open Window filed its answer, ECF No. 5, the court ordered the parties to exhaust settlement efforts and file a joint status report every 60 days, ECF No. 6. Johnson joined in one status report, ECF No. 7, and, according to Open Window, declined to join the next, ECF No. 9. The court then ordered Johnson to show cause why sanctions should not issue for failure to comply with the court's orders, including possible dismissal for failure to prosecute. ECF No. 10. Johnson filed a status report but did not acknowledge or respond to the order to show cause. *See* ECF No. 11. The court then held a pretrial scheduling conference and extended Johnson's counsel's deadline to respond to the pending order to show cause. ECF No. 16. Johnson's counsel responded, ECF No. 17, and the court discharged the order to show cause, ECF No. 18.

On February 8, 2018, the parties filed a joint notice of settlement. ECF No. 24. They advised that they had reached "a global settlement" and expected to file a stipulated dismissal with prejudice in 60 days. *Id.* at 2. The parties requested the court schedule a "Status Conference/OSC Hearing" to be held within sixty days "at which the Parties, by and through their attorneys of record shall show cause why this case has not been dismissed." *Id.* The court vacated all deadlines and set a "FIRM" April 9, 2018 deadline for the parties to file dispositional documents. ECF No. 25. At the parties' request, the court also set an April 26, 2018 status conference at which, in the event dispositional documents were not yet filed, the parties would "be ordered to show cause why the case should not be dismissed." *Id.*

On April 26, 2018, with no dispositional documents filed, the court held a status conference. ECF No. 26. Open Window's counsel appeared. *Id.* Johnson's counsel, without explanation, did not. *Id.* Open Window's counsel confirmed the parties signed a settlement agreement, the financial component of which had not yet been fulfilled. *Id.* The court advised Open Window's counsel that it would review the case to determine whether it should be closed. *Id.* The court included this advisement in the hearing minutes, which were served on all parties. *Id.* Johnson did not respond. Two weeks later, on May 10, 2018, after reviewing the case history and the parties' representations, and taking into account Johnson's silence, the court issued a minute order finding "this case has settled and no further court action is necessary. This case is DISMISSED and CLOSED." ECF No. 27. Nearly two weeks later, on May 22, 2018, Johnson

filed a motion to enforce settlement. Mot. ECF No. 28. Open Window filed a statement of non-opposition. ECF No. 29. The court submitted the motion without oral argument, ECF No. 30, and resolves it here.

II. LEGAL STANDARD

Enforcing a settlement agreement is "more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). Following dismissal, a district court lacks jurisdiction to enforce a settlement agreement unless the court (1) expressly retains jurisdiction over the settlement agreement in the dismissal order, or (2) incorporates the terms of the settlement agreement in the dismissal order. *Id.* at 381. Under either circumstance, breaching the agreement violates a court order and therefore provides the court with ancillary jurisdiction to enforce the agreement. *Id.* Absent such circumstances, a party seeking to remedy the breach must initiate a new lawsuit to enforce the contract. *Id.*

III. DISCUSSION

Johnson requests this court enforce the parties' settlement agreement, but does not address whether this court has jurisdiction to do so. It does not. The court's dismissal order referred to the parties' settlement agreement but did not retain jurisdiction to enforce it or incorporate the parties' obligation to comply with its terms such that the breach alleged here "flout[s] or imperil[s]" the court's order. *See Kokkonen*, 511 U.S. 375, 380 (1994); *see id.* at 381 ("The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."); *see also In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (finding bankruptcy court's dismissal order, which stated, "[t]he conditions of the settlement hav[e] been fulfilled[,]" did not incorporate "the parties' obligations to comply with [the agreement's] terms") (citations and internal quotation marks omitted). Johnson repeatedly disregarded this court's orders, then expressly requested the court order him to show cause for not dismissing the case but never responded when the court advised it was

/////

/////

3

considering dismissal, and now, only after dismissal, moves the court for relief.  His claim is for breach of contract and his remedy, if any, must be provided by the state courts.  The motion is DENIED.

        IT IS SO ORDERED.

DATED:  July 25, 2018.

_____
UNITED STATES DISTRICT JUDGE